FILED
U.S. DISTRICT COURT
SAVANNAH DIV.
2015 DEC -3 AM 10: 19

CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| ALFREDO FELIPE RASCO,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | CASE NOS. CV414-171<br>CR408-100 |

## O R D E R

Before the Court is the Magistrate Judge's Report and Recommendation (Doc. 369),[1] to which objections have been filed (Doc. 373; Doc. 374). For the following reasons, the report and recommendation is **ADOPTED** as the Court's opinion in this case.

In his objections, Petitioner argues that the Court failed to advise him that he was giving up his rights to a direct or collateral appeal in violation of Fed. R. Crim. P. 11(b)(1)(N). (Doc. 373 at 10.) However, the Court did review the plea agreement with the Petitioner and discussed the fact that Petitioner was "going to forever lose [his] right to complain on appeal about any action of the government, any government agent, prosecutor, the Magistrate Judge, [his] own lawyer, this Court, or anyone else as far as any complaint that [he] might have about anything that [he said] they did or failed to do in [his]

---

[1] The Court is citing only to the criminal docket.

case." (Id. at 20-21.) Petitioner responded that he understood this consequence of pleading guilty. (Id.) Therefore, the Court specifically questioned Petitioner concerning the appeal waiver and the record reflects that Petitioner understood the full significance of that waiver. See United States v. Bushert, 997 F.2d 1343, 1351 (11th Cir. 1993). As a result, the waiver is effective and Petitioner is not entitled to relief.[2]

Petitioner also contends that an October 14, 2014 Memorandum for All Federal Prosecutors from the Deputy Attorney General grants Petitioner the right to file a collateral appeal based on ineffective assistance of counsel pertaining to issues other than the validity of the plea itself. (Doc. 7.) See Memorandum from James M. Cole, Deputy Attorney General, to All Federal Prosecutors (Oct. 14, 2014), available at http://www.justice.gov/file/ 70111/download. The memorandum allows federal prosecutors to decline to enforce a previously executed waiver "when defense counsel rendered ineffective assistance resulting in prejudice or when the defendant's

---

[2] Even if Petitioner is right and the Court technically violated Rule 11 by failing to directly explain that Petitioner was giving up his rights to collaterally appeal, this was harmless error. See United States v. Jackson, 398 F. App'x 451, 452-453 (11th Cir. 2010) (upholding appeal waiver where defendant failed to show that but for the inaccurate explanation of waiver, defendant would not have entered plea). Here, Petitioner has failed to show that he would not have entered the plea had the Court more fully explained the plea waiver.

2

ineffective assistance claim raises a serious debatable issue that a court should resolve." Id.

However, the memorandum does not affect the validity of Petitioner's previous knowing and voluntary waiver. See, e.g., Demello v. United States, __ F. App'x __, 2015 WL 4663934, at *3 (11th Cir. Aug. 7, 2015)(finding collateral-attack waiver enforceable where knowingly and voluntarily waived). As part of Petitioner's entering a plea of guilty, he stated that he was pleading guilty freely and voluntarily and that his attorney had not tried to force or push him into pleading guilty. (Doc 336 at 27-28) Petitioner did not raise any objections. For these reasons, and after a careful de novo review of the record, the Court finds Petitioner's objections without merit. Accordingly, the report and recommendation is **ADOPTED** as the Court's opinion. As a result, Petitioners 28 U.S.C. § 2255 Petition is hereby **DENIED**. All other pending motions are **DISMISSED AS MOOT**. The Clerk of Court is **DIRECTED** to close this case.

SO ORDERED this 2ND day of December 2015.

WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA