UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| ALFREDO FELIPE RASCO, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | CV414-171 |
| | ) | CR408-100 |
| UNITED STATES AMERICA, | ) | |
| | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

*Pro se* movant Alfredo Filipe Rasco has filed a motion seeking to vacate, set aside, or correct his conviction. *See* doc. 368.[1] The former United States Magistrate Judge recommended that the Motion be denied, doc. 369, and that recommendation was adopted over Rasco's objection, doc. 378. Rasco appealed, doc. 384, and the Court of Appeals remanded one ground for further consideration, doc. 396; *see also* doc. 398 (Mandate). The Court directed the Government to respond to that Ground. Doc. 406. The Government complied, doc. 407, and Rasco has replied, doc. 418.

---

[1] The Court cites to the criminal docket in CR408-100 unless otherwise noted.

As the Court of Appeals explained, the remanded Ground asserts that Rasco received ineffective assistance of counsel ("IAC") because, he contends, neither his counsel nor the district court advised him of the immigration consequences of his guilty plea. *See* doc. 396 at 3. The former Magistrate Judge's consideration of Rasco's § 2255 motion did not sufficiently address the IAC claim, pursuant to *Clisby v. Jones*, 960 F.2d 925, 936 (11th Cir. 1992). *Id.* at 5-6. The Government argues that Rasco's IAC claim should be denied because, even if his counsel's performance were deficient, he cannot show prejudice. *See* doc. 407 at 1. The Government is correct.

"To prevail on a claim of ineffective assistance of counsel, a prisoner must prove that his counsel rendered deficient performance and that he was prejudiced by the deficient performance." *Castillo v. United States*, 816 F.3d 1300, 1303 (11th Cir. 2016) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 690. "For performance to be deficient, it must be established that, in light of all the circumstances, counsel's performance was outside the wide

range of professional competence." *Putman v. Head*, 268 F.3d 1223, 1243 (11th Cir. 2001). As to the prejudice prong, a defendant must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694; *Matire v. Wainwright*, 811 F.2d 1430, 1435 (11th Cir. 1987) (same); *see also Butcher v. United States*, 368 F.3d 1290, 1293 (11th Cir. 2004) ("[A]ttorney errors come in an infinite variety and are as likely to be utterly harmless in a particular case as they are to be prejudicial. That the errors had some *conceivable* effect on the outcome of the proceeding is insufficient to show prejudice." (internal cites and quotations omitted) (emphasis added)).

    The Government argues that Rasco cannot show prejudice for two independently sufficient reasons. First, it argues that years before his prosecution in this Court, Rasco was already subject to a deportation order "based on his two prior convictions for cocaine distribution and one prior conviction for assaulting a U.S. customs officer." Doc. 407 at 5-6. He appealed the deportation order, and it was affirmed in 1998. *Id.* at 6. As the Government summarizes; "[n]o reasonable defendant . . . would pass up a . . . guilty plea leading to a shorter prison sentence simply

because it might constitute a fourth, independent basis for deportation." *Id.* The Government also points out that any lack of information about the deportation consequences would not have been prejudicial because "at the time of his guilty plea, there was no realistic chance that the United States would deport Rasco to Cuba." *Id.* at 7. It was not until years after his guilty plea that the United States normalized relations with Cuba making Rasco's deportation a realistic possibility. *Id.* at 8.

Rasco objects to the Government's response because, he argues, the Government proffered to the Court of Appeals that it would present evidence that his counsel had informed him of the deportation consequences. *See* doc. 418 at 1-2. He also objects to the Government's description of his plea agreement as "generous." *Id.* at 3-4. His objection is based on his perception that his coconspirators' sentences were considerably lighter than his. *Id.* at 4-5. As the discussion below illustrates, his objections to the Government's litigation strategy and its vocabulary are irrelevant to the substance of his IAC claim. His response to the Government's contentions concerning his showing of prejudice is limited to his contention that he was "pursuing to apply for a 212C

pardon with Immigration." *Id.* at 5. As discussed below, that application, in fact, supports the conclusion that Rasco cannot show prejudice.

In the first place, it appears that the Government concedes that Rasco's trial counsel's performance was deficient. The Government does not dispute that an allegation that an attorney failed to advise their client of the immigration consequences of a guilty plea is sufficient to satisfy the first prong of the *Strickland* test. *See Padilla v. Kentucky*, 559 U.S. 356, 369 (2010). Despite its alleged representations to the Court of Appeals, the Government's response does not point to any evidence that Rasco's counsel informed him of the immigration consequences of his plea. *See generally* doc. 407. As the Supreme Court concluded, whether Rasco "is entitled to relief on his claim will depend on whether he can satisfy *Strickland*'s second prong, prejudice." *Padilla*, 559 U.S. at 369.

Even if counsel made an error so egregious as to be outside the broad scope of competence expected of attorneys, a movant is only entitled to relief if the error caused actual prejudice. *Strickland*, 466 U.S. at 691–92. "Showing prejudice requires petitioner to establish a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *LeCroy v. United*

*States*, 739 F.3d 1297, 1312 (11th Cir. 2014) (internal citation omitted). "The prejudice prong requires a petitioner to demonstrate that seriously deficient performance of his attorney prejudiced the defense." *Id.* at 1312–13. "The likelihood of a different result must be substantial, not just conceivable." *Harrington v. Richter*, 562 U.S. 86, 112 (2011). A reasonable probability of a different result "is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

An allegation by a defendant that he would have insisted on going to trial but for counsel's errors, although required, is, on its own, insufficient to establish prejudice. Rather, "the court must look to the totality of the objective factual circumstances surrounding the plea in order to determine whether there is a reasonable probability that the [movant] would in fact have insisted on trial." *Suarez v. United States*, No. 15–CR–20144, 2017 WL 3208725, at *5 (S.D. Fla. June 19, 2017), *report and recommendation adopted*, No. 16–24003–CIV, 2017 WL 3206328 (S.D. Fla. July 27, 2017) (citing *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *Hutchings v. United States*, 618 F.3d 693, 697 (7th Cir. 2010)). This inquiry will often include an assessment of the strength of the prosecution's case, any available defenses the movant could have

6

asserted at trial, the plea colloquy, and the movant's potential sentencing exposure. *Id.*

The Government's argument that Rasco's prior knowledge of an already existing deportation order precludes a finding of prejudice, under *Strickland*, is compelling. To be sure, Rasco's guilty plea in this case did not improve his ability to resist deportation, but neither did it substantially reduce it. Rasco's argument, in his reply, that he was in the process of seeking a "pardon," when he entered his guilty plea, belies any contention that he was not explicitly aware of the effect of the prior deportation order. Doc. 418 at 5. Courts have considered a defendant's knowledge of their immigration status in evaluating prejudice under *Strickland*. *See United States v. Ramirez-Jimenez*, 907 F.3d 1091, 1094 (8th Cir. 2018) (rejecting an IAC claim, on direct appeal, based, in part, on the defendant's knowledge that "removal proceedings [were] either pending or imminent."); *David Hill v. New York*, 2011 WL 2671506, at *3 (W.D.N.Y. July 8, 2011) (petitioner could not show prejudice where he "cannot . . . argue that he was not at least aware of the possibility of deportation when he entered his guilty plea . . . ."). Moreover, courts have frequently held that a § 2255 movant cannot show prejudice under

*Padilla* when they are deportable on other, independent, grounds. *See, e.g., Cadet v. United States*, 2012 WL 7061444, at *3 (N.D. Ga. May 29, 2012) ("Several federal courts have held that criminal defendants who were illegal aliens when they committed their crimes cannot show the prejudice required to prevail on a claim of ineffective assistance of counsel grounded in *Padilla*," and collecting cases), *adopted* 2013 WL 504821 (N.D. Ga. Feb. 8, 2013); *see also, e.g., United States v. Batamula*, 823 F.3d 237, 242 (5th Cir. 2016) ("Because [§ 2255 movant] was already deportable . . . *before* he pleaded guilty . . . , it would not have been rational for him to proceed to trial in the hopes of avoiding deportability . . ." on other grounds); *Calderon v. Sharp,* 2014 WL 7693533, at *2 (W.D. Ark. Dec. 30, 2014) ("there could be no prejudice" from counsel's failure to advise defendant of the deportation consequences of a guilty plea where "[t]here is no dispute that [petitioner] was ordered deported long before he ever pled guilty . . ."); *United States v. Claude*, 2014 WL 2777402, at *4 (E.D. Pa. June 19, 2014) ("defendant cannot claim prejudice as a result of entering a guilty plea because he was already subject to deportation before he was indicted in this case."); *United States v. Aceves*, 2011 WL 976706, at *4-6 (D. Haw. Mar. 17, 2011) (finding

8

movant could not show prejudice, where "it was not his [challenged] conviction that made him removable," because "[r]emoval . . . should not reasonably have affected his decision to plead guilty"). The Eleventh Circuit has recognized a similar principle. *Gutierrez v. United States*, 560 F. App'x 924, 927 (11th Cir. 2014) ("The district court did not err in concluding that Mr. Gutierrez failed to show prejudice because . . . he was aware of the risk of deportation . . . ."). Rasco's reply does not dispute that, at the time he pleaded guilty, he was fully aware of the pending deportation order. He has, therefore, failed to carry his burden to show prejudice, under *Strickland*.

The undisputed fact that Rasco's guilty plea did not affect whether he was subject to deportation at the time he entered that plea precludes him from establishing prejudice under *Strickland*. Although the basis for Rasco's deportability is not the same, like the movant in *United States v. Batamula*, his "deportability . . . was a *fait accompli* before he pleaded guilty . . . ." 823 F.3d at 242. As such, "it would not have been rational for him to proceed to trial in the hopes of avoiding deportability," on an independent basis, and his "failure to put forth even a rational explanation for his desire to proceed to trial means that he did not carry

9

his burden to show prejudice." *Id.* at 243. His Motion should, therefore, be **DENIED** as to Ground Four, doc. 368, and civil action CV414-171 should be **DISMISSED** in its entirety.

Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1–2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue either. 28 U.S.C. § 2253(c)(1); Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant") (emphasis added).

This report and recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED**, this 1st day of November, 2022.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA