IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| ALFREDO FELIPE RASCO, | ) |
| Petitioner, | ) ) ) |
| v. | ) CASE NO. CV414-171 |
| UNITED STATES OF AMERICA, | )         CR408-100 ) ) |
| Respondent. | ) ) |

## O R D E R

Before the Court is the Magistrate Judge's November 1, 2022, Report and Recommendation (Doc. 48), to which Petitioner Alfredo Felipe Rasco has filed an Objection (Doc. 50).[1] After a careful review of the record,[2] Petitioner's objections are **OVERRULED** (Doc. 50), and the report and recommendation (Doc. 48) is **ADOPTED** as the Court's opinion in this case. Ground Four of Petitioner's Motion under 28 U.S.C. § 2255 (Doc. 1 at 8) is **DENIED,** and Petitioner's Motion for Status of § 2255 Motion (Doc. 49) is **DISMISSED AS MOOT.**

---

[1] Unless otherwise stated, all citations are to Petitioner's civil docket on this Court's electronic filing system, CV414-171.
[2] The Court reviews de novo a magistrate judge's findings to which a party objects, and the Court reviews for clear error the portions of a report and recommendation to which a party does not object. 28 U.S.C. § 636(b)(1); see Merchant v. Nationwide Recovery Serv., Inc., 440 F. Supp. 3d 1369, 1371 (N.D. Ga. 2020) (outlining the standard of review for report and recommendations (citing Macort v. Prem, Inc., 208 F. App'x 781, 784 (11th Cir. 2006) (per curiam))).

## BACKGROUND

In August 2010, Petitioner pleaded guilty to one count of conspiracy to commit Medicare fraud in violation of 18 U.S.C. § 1349 and one count of aggravated identity theft in violation of 18 U.S.C. § 1028A. (CR408-100, Doc. 285.) Petitioner was sentenced to a total term of 133 months' imprisonment, and the Court ordered that Petitioner be delivered to the Bureau of Immigration and Customs Enforcement for deportation proceedings upon his release from confinement. (CR408-100, Doc. 322 at 2, 4.) Petitioner filed a 28 U.S.C. § 2255 motion alleging multiple grounds for relief. (Doc. 1.) Over Petitioner's objection, the Court adopted the Magistrate Judge's report and recommendation denying Petitioner's motion. (Docs. 6, 9.) The United States Court of Appeals for the Eleventh Circuit vacated the judgment and remanded this case for the limited purpose of evaluating Ground Four of Petitioner's motion that his counsel provided ineffective assistance by failing to inform him of the immigration consequences of his guilty plea. (Doc. 25 at 6-7.) After the parties briefed the issue, the Magistrate Judge recommended that Ground Four of Petitioner's motion be denied. (Doc. 48 at 10.) Petitioner has objected to the Magistrate Judge's recommendation. (Doc. 50.)

2

**ANALYSIS**

I. <u>PREJUDICE</u>

The Magistrate Judge recommended that Petitioner's motion be denied because he did not carry his burden of showing that he was prejudiced by the entry of his guilty plea. (Doc. 48 at 9-10.) As the Magistrate Judge explained, a successful ineffective assistance of counsel claim requires proof of both counsel's deficient performance and that the petitioner was prejudiced by that performance. (<u>Id.</u> at 2 (quoting <u>Castillo v. United States</u>, 816 F.3d 1300, 1303 (11th Cir. 2016).) The Magistrate Judge noted that the parties did not dispute that Petitioner's trial counsel's failure to inform him of the immigration consequences of his guilty plea constituted deficient performance. (<u>Id.</u> at 5 (citing <u>Padilla v. Kentucky</u>, 559 U.S. 356, 369, 130 S. Ct. 1473, 1483, 176 L. Ed. 2d 284 (2010)).) Assuming trial counsel's performance was deficient, the Magistrate Judge proceeded to consider whether Petitioner could show that he was prejudiced by such deficient performance. (<u>Id.</u> at 5-9); <u>see also</u> <u>Padilla</u>, 559 U.S. at 369, 130 S. Ct. at 1483 (explaining that whether habeas petitioner was "entitled to relief . . . [would] depend on whether he [could] satisfy <u>Strickland</u>'s second prong, prejudice[]").

The Magistrate Judge determined Ground Four of Petitioner's motion should be denied because Petitioner conceded that he was subject to deportation prior to his guilty plea in this case,

3

precluding any showing that he was prejudiced by trial counsel's deficient performance. (Doc. 48 at 7-9.) As the Magistrate Judge explained, "criminal defendants who were illegal aliens when they committed their crimes cannot show the prejudice required to prevail on a claim of ineffective assistance of counsel grounded in Padilla." Cadet v. United States, Nos. 1:11-CR-113-WBH-LTW-1, 1:12-CV-1632-WBH-LTW, 2012 WL 7061444, at *3 (N.D. Ga. May 29, 2012). Like those defendants, Petitioner's guilty plea "did not improve his ability to resist deportation, but neither did it substantially reduce it." (Doc. 48 at 7.)

Petitioner's arguments in his objection do not undermine the Magistrate Judge's analysis or conclusions. First, Petitioner argues that his counsel "without a doubt rendered ineffective assistance of counsel." (Doc. 50 at 1.) However, as discussed above, trial counsel's deficient performance alone is not disputed or dispositive. Next, Petitioner lists objections to various aspects of his original prosecution. (See id. at 3-4.) To the extent that any of those allegations implicate other issues that Petitioner contends could support § 2255 relief, they are not properly before the Court. (Id. (alleging error at Rule 11 proceeding "should be sufficient to grant [the] 2255 motion[]").)[3]

---

[3] Although the Eleventh Circuit directed the Court on remand to address Petitioner's argument in Ground Four that his counsel provided constitutionally ineffective assistance by failing to inform him of the immigration consequences of his guilty plea (Doc.

4

Although Petitioner clearly has complaints about the criminal proceedings against him, nothing in his objection suggests a defect in the Magistrate Judge's conclusion that he cannot show prejudice, which is fatal to the claim asserted as Ground Four.

## II. § 212(C) RELIEF

In his objection, Petitioner vaguely refers to his pursuit of "the 212C pardon." (Doc. 50 at 2.) Petitioner did not mention such an application in his original motion (Doc. 1 at 8, 66-67), and the Government, arguing that Petitioner could not show the prejudice necessary to prevail on his ineffective assistance claim under Strickland, did not explicitly address the issue in its response (Doc. 36 at 5-7). Petitioner did, however, briefly refer to his "pursuing to apply for a 212C pardon with Immigration[] [sic]" in his reply to the Government's response. (Doc. 47 at 5.)

In Padilla, the Supreme Court noted in dicta that " 'preserving the possibility of' discretionary relief from deportation under § 212(c) . . . would have been one of the principal benefits sought by defendants deciding whether to accept

---

25 at 6-7), Petitioner again argues that the District Court erred by failing to inform him of the immigration consequences of his guilty plea (Doc. 50 at 3-4). Petitioner "has no constitutional right to be informed by the court of those consequences[,]" and "at the time of his plea [in 2010], [Petitioner] did not have a statutory right to be informed by the court of potential adverse immigration consequences." Morales v. United States, No. 20-21416-CIV, 2021 WL 76342, at *4 (S.D. Fla. Jan. 7, 2021); United States v. Utoh, 767 F. App'x 899, 902, 902 n.5 (11th Cir. 2019).

a plea offer or instead proceed to trial." 559 U.S. at 368, 130 S. Ct. at 1483. To the extent that Petitioner relies on possible interference with his ability to pursue such discretionary relief, it is not sufficiently explicit in any of his pleadings before the Court to support prejudice, as required under Strickland. See, e.g., Silent v. United States, No. 11-cv-5359 (CBA), 2012 WL 4328386, at *6 (E.D.N.Y. Sept. 19, 2012) (rejecting ineffective assistance claim where the movant "has provided absolutely no independent reason to believe that had he known of the possibility that he might receive a sentence foreclosing § 212(c) relief, he would have risked trial, as well as the increased sentence and certain deportation that would have come with it.").

In any event, the argument is unconvincing. In another context prior to the Supreme Court's decision in Padilla, the Eleventh Circuit has noted that "[a]n alien's actual chances of receiving such discretionary relief are too speculative, and too far beyond the capability of judicial review, to conclude that the alien has actually suffered prejudice from being ineligible for suspension of deportation." Mejia Rodriguez v. Reno, 178 F.3d 1139, 1148 (11th Cir. 1999); see also Reid v. United States, No. 15-61906-Civ-MORENO, 2016 WL 11710040, at *12 (S.D. Fla. May 2, 2016) (concluding petitioner could not show attorney's alleged deficient performance prejudiced him because he did "not have a constitutionally protected interest in receiving discretionary

6

relief from removal or deportation" and his "chances of receiving a discretionary § 212(c) waiver were 'too speculative, and too far beyond the capability of judicial review[]' "). Thus, to the extent that the Court can discern a possible argument for prejudice from Petitioner's references to § 212(c), the Court will not make Petitioner's argument for him, and in any event, it appears to be futile. See, e.g., Wilson v. United States, 962 F.2d 996, 998 (11th Cir. 1992) ("Conclusory allegations of ineffective assistance are insufficient." (quotation omitted)).

## CONCLUSION

Accordingly, Petitioner's objections (Doc. 50) are **OVERRULED**, and the report and recommendation (Doc. 48) is **ADOPTED** as the Court's opinion in this case. Ground Four of Petitioner's Motion under 28 U.S.C. § 2255 (Doc. 1 at 8) is **DENIED**, and Petitioner's Motion for Status of § 2255 Motion (Doc. 49) is **DISMISSED AS MOOT**. The Clerk of Court is **DIRECTED** to close the case.

Applying the Certificate of Appealability (COA) standards set forth in Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should

issue. 28 U.S.C. § 2253(c)(1); Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.").

SO ORDERED this **3RD** day of January 2023.

*/s/ William T. Moore, Jr.*
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA